**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| DANIEL J. GARDNER,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., WAL-MART STORES EAST, LP and WAL-MART TRANSPORTATION, LLC,<br><br>    Defendants. | CASE NO. 4:18-cv-00450-CRW-HCA<br><br>**AFFIDAVIT OF MARK J. GOLDSMITH IN SUPPORT OF DEFENDANTS' BILL OF COSTS** |

I, Mark J. Goldsmith, hereby declare and state as follows:

1. I am an attorney with the law firm of Baird Holm LLP.

2. I am one of the attorneys representing Defendants in these proceedings.

3. On March 23, 2020, Judgment was entered in favor of Defendants and against Plaintiff (Filing No. 35), based on the Court's ruling on Defendants' Motion for Summary Judgment.

4. Plaintiff's Petition asserted that he was subjected to age discrimination under the Iowa Civil Rights Act (Filing No. 1).

**A.    Fees of the Clerk**

Defendants removed this matter from the Iowa District Court in and for Polk County to the United States District Court for the Southern District of Iowa on November 21, 2018 (Filing No. 1). Accordingly, the filing fee was $400.00 which was paid at the time of the removal.

Per the Bill of Costs Guidelines, supporting documentation regarding the filing fee is not required.

**B.**     **Fees for printed/electronically recorded transcripts**

1. The following depositions were taken and relied upon by Defendant in preparation of summary judgment and pretrial:

   a. Plaintiff Daniel J. Gardner taken June 18, 2019[1];

   b. Michael Noble taken October 14, 2019[2];

   c. Jennifer Grey taken October 16, 2019[3];

   d. Jeff Curvin taken October 15, 2019;

   e. Scott Reed taken October 15, 2019;

   f. Kerry Moore taken December 4, 2019;

   g. Jeff Hammonds taken November 7, 2019;

   h. Michael Billups taken November 11, 2019;

   i. Dennis Piper taken December 12, 2019[4]; and

   j. Richard Turner taken January 14, 2020.

2. These depositions were used in support of the Defendants' Motion for Summary Judgment, in evaluating the Plaintiff's opposition to the same, and/or in reply to the Plaintiff's opposition.  In addition, all depositions other than Plaintiff's were noticed and taken by Plaintiff's counsel, and the transcripts were required to assess Plaintiff's substantive and evidentiary claims defense of the same and in preparation for summary judgment.  These depositions were necessary in order to obtain the facts of the case.

---

[1] Defendants did not include the cost for the mini/condensed copy of Plaintiff's deposition transcript.
[2] Defendants did not include the cost for the videotaped portion of his deposition.
[3] Defendants did not include the cost for the videotaped portion of her deposition nor the cost to rent the conference room.
[4] Defendants did not include the cost for shipping and handling relating to his deposition transcript.

3.      Attached hereto as Exhibit "A" and incorporated herein by reference are true and correct copies of the invoices and proofs of payment for the costs referred to herein.

The items and costs listed in this affidavit are correct and were necessarily incurred in the case and the services for which the fees charged were actually and necessarily performed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct, and that the documents listed herein are true and correct copies of such documents.

Executed on this 6th day of April 2020.

s/Mark J. Goldsmith_____
Mark J. Goldsmith

DOCS/2445878.1