IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DANIEL J. GARDNER,<br><br>                 Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., WAL-MART STORES EAST, LP and WAL-MART TRANSPORTATION, LLC,<br><br>                 Defendants. | Case No. 4:18-cv-00450<br><br><br>**PLAINTIFF'S RESISTANCE TO DEFENDANTS' BILL OF COSTS** |

Plaintiff Daniel J. Gardner objects to Defendants Bill of Costs (Docket 57) as it contains costs that are not taxable under 28 U.S.C. § 1920 and were not reasonably necessary for their Motion for Summary Judgment in this case. In support of his Resistance to Defendants' Bill of Costs, Plaintiff states as follows:

## STANDARD OF REVIEW

District courts have "substantial discretion" in awarding or denying costs under Fed. R. Civ. P. 54(d). *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006); *Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 762 (8th Cir. 2006). An award of costs "must fit within 28 U.S.C. § 1920, which enumerates the costs that a district court may tax." *Gross v. FBL Financial Group, Inc.*, 2011 WL 13291673 (S.D. Iowa June 21, 2011) (quotation and citation omitted); *see also Smith*, 436 F.3d at 889 (holding awarded costs "must be set out in 28 U.S.C. § 1920 or some other statutory authorization"). Costs not authorized under § 1920 are not recoverable. *See Smith*, 436 F.3d at 889.

1

## ARGUMENT AND AUTHORITIES

Defendants seek to recover $4,550.65 as costs for depositions. Plaintiff objects to the amounts Defendants seek for obtaining a transcript copy of the depositions of the following witnesses: Michael Noble ($1,063.88), Jennifer Gray ($553.28), Jeff Curvin ($262.08), Scott Reed ($469.56), Kerry Moore ($211.50), Jeff Hammonds ($120.00), Michael Billups ($140.40), Dennis Piper ($215.00), and James Turner, Jr. ($334.10). Defendants have not shown that these transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920.   All of the depositions in question were taken by Plaintiff.   Defendants did not use a single page from any of these transcripts in support of their motion for summary judgment.   Rather than use the transcripts, Defendants presented testimony in the form of affidavits from Noble (Defendants' Appendix, Exhibit C); Billups (Exhibit D), Gray (Exhibit E), Curvin (Exhibit F), Reed (Exhibit G), Moore (Exhibit H), and Turner (Exhibit O).   Defendant offered no testimony into the record from Piper or Hammonds.   In their supplemental appendix in support of a Reply, Defendants used one (1) substantive page of Noble's deposition, five (5) from Billups, two (2) from Curvin, and three (3) from Wigger).

Transcription costs of depositions are not recoverable where the transcript was obtained for "purely investigative" or discovery purposes. *See Smith*, 436 F.3d at 889.   Other than the transcript of Daniel Gardner, none of the costs for which Defendants seek recovery were reasonably necessary to the case. Accordingly, the transcription costs for the above depositions must be denied and Defendants' Bill of Costs should be <u>reduced</u> by a total of **$3,369.80**, for a new total of **$1,580.85.**

## CONCLUSION

Defendants have not met their burden of establishing that the costs objected to above are taxable under 28 U.S.C. § 1920.  Thus, Plaintiff respectfully submits that Defendants' Bill of Costs should be reduced, in total, by an amount of $3,369.80.

**FREDRIKSON & BYRON, P.A.**

*/s/ Patrick D. Smith*
Patrick D. Smith (#14107)
Rhiannon K. Baker
505 East Grand Avenue, Suite 200
Des Moines, IA  50309
Telephone:  515.242.8900
psmith@fredlaw.com
rbaker@fredlaw.com

**Attorneys for Plaintiff**