**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| DANIEL J. GARDNER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., WAL-MART STORES EAST, LP and WAL-MART TRANSPORTATION, LLC,<br><br>　　　　　Defendants. | CASE NO. 4:18-cv-00450-CRW-HCA<br><br>**DEFENDANTS' RESISTANCE TO PLAINTIFF'S MOTION UNDER RULE 54(d)(1) FOR DISTRICT COURT REVIEW OF CLERK'S TAXATION OF COSTS** |

Defendants, Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart Transportation, LLC (collectively, "Walmart") file the following Resistance to Plaintiff's Motion Under Rule 54(d)(1) for District Court Review of Clerk's Taxation of Costs.

**I.　　LEGAL AUTHORITY**

> "Federal Rule of Civil Procedure 54(d) codifies the presumption that … costs will be awarded to prevailing parties."

Police Ret. Sys. of St. Louis v. Midwest Inv. Advisory Serv., Inc., 940 F.2d 351, 358–59 (8th Cir. 1991).

> "When a deposition is not actually used at trial or as evidence on a successful preliminary motion, whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken."

1

Monohon v. BNSF Ry. Co., 2019 WL 6690511, at *3 (S.D. Iowa Feb. 13, 2019); see also Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006) ("Even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not purely investigative.").

> "The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use."

Zobos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (internal quotations and citations omitted).

## II.     PERTINENT FACTS

1. Plaintiff seeks the Court's review of the Clerk's taxation of nine depositions. (Doc. No. 64, ¶ 3)

2. Each of the nine depositions at-issue were noticed by and taken by Plaintiff's counsel. (Doc. No. 57-1)

3. The transcripts for the nine depositions were required by Walmart to assess Plaintiff's substantive and evidentiary claims, as well as Walmart's defenses to the same. (Doc. No. 57-1)

4. Each of the nine deposition transcripts at-issue was necessary to Defendants' preparation of their Motion for Summary Judgment, in evaluating the Plaintiff's opposition to the same, and in preparing Walmart's reply to the Plaintiff's opposition. (Doc. No. 57-1)

5. Plaintiff submitted portions of each of the nine deposition transcripts in opposition to Walmart's motion for summary judgment. (Doc. No. 50-4)

6. In support of their summary judgment reply brief, Defendants submitted as evidence excerpts from three of the depositions transcripts at-issue (Noble, Billups, and Curvin). (Doc. No. 64, ¶ 4)

## III. THE CLERK PROPERLY TAXED COSTS TO PLAINTIFF

The moving papers' contention that the nine depositions at-issue were purely investigatory is not only unsupported, but it is belied by the facts that (a) *Plaintiff* noticed these depositions, (b) *Plaintiff* conducted the depositions, and (c) *Plaintiff* submitted portions of each of the nine transcripts in opposition to the summary judgment motion. Furthermore, not only did Defendants use all of the depositions in defending against this action and preparing their dispositive motion, but Walmart even lodged excerpts from three of the transcripts at-issue, rendering inapposite the moving papers' lone citation to Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006). Finally, Gardner has offered no argument or evidence to suggest that these depositions were unnecessary at the time that *his* counsel took them. Indeed, Plaintiff deemed Turner's deposition of such necessity that (a) he exceeded the maximum allowable number of depositions (FRCP 30), and (b) moved to compel Defendants to produce Turner for deposition. (Doc. No. 43) Simply stated, and as noted by the Chief Deputy Clerk:

> "In this case, Defendant has established the depositions were reasonably necessary."

(Doc. No. 63)

Dated this 21st day of May, 2020.

        WALMART INC., WAL-MART STORES EAST I, LP and WAL-MART TRANSPORTATION, LLC, Defendants,

    By: /s/ Mark J. Goldsmith
      Mark J. Goldsmith (admission pro hac vice)
      Heidi A. Guttau (IA# 15513)
      ICIS #AT0003021
  of  BAIRD HOLM LLP
      1700 Farnam St, Ste 1500
      Omaha, NE  68102-2068
      Phone: 402-344-0500
      Fax: 402-344-0588
      Email: hguttau@bairdholm.com
      Email: mgoldsmith@bairdholm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of May, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Patrick D. Smith
505 E. Grand Avenue, Suite 200
Des Moines, IA  50309
psmith@fredlaw.com


        /s/ Mark J. Goldsmith

DOCS/2467738.1

4